HILL, FONTAINE & CO. v. ALEXANDER BROS.

GENERAL ASSIGNMENT. *Complete inventory. Necessity for. Act of* 1881.
The fourth section of the act of 1881, requiring a creditor making a
general assignment, to annex a complete schedule, under oath, of his
property of every description, is not directory, but mandatory, and
absolutely necessary to the validity of the deed of assignment.

FROM HARDEMAN.

Appeal in error from the Circuit Court of Harde-
man county.   T. J. FLIPPIN, J.

HILL & FENTRESS for Hill, Fontaine & Co.

WOOD & McNEAL for Alexander Bros.

TURNEY, J., delivered the opinion of the court.

The fourth section of the act of 1881, providing
that "the creditor making a general assignment, shall
annex thereto a full and complete inventory or schedule,
under oath, of all his property of every description,"
etc., is mandatory and absolutely indispensable to the
validity of the deed of assignment.

The policy of the statute is to prevent fraud on
the part of the conveying debtor by concealment of
any of his estate.   The strong language of the statute,
"full and complete inventory or schedule, under oath,"
precludes the idea that the provision is directory.   It
addresses itself to the sworn conscience of the debtor
and makes room for punishment for perjury.   The

Hill, Fontaine & Co. *v.* Alexander Bros.

debtor will not be allowed to escape such serious consequences of the enforcement of the law by a mere recital of his property .without the commanded ,oath. Whether a full description of all the estate of the debtor in the assignment, supported by his oath, would be sufficient, it is unnecessary now to determine, as the deed does not furnish a schedule of the personalty, but only refers to it as "all our stock of goods in our store-house, at Middleton, also, our books, notes, and accounts," without indication of quality, quantity, or value of goods, or of the makers or amounts of notes and accounts, and without the prescribed oath, making easy of commission the fraud the prevention of which is contemplated by the statute.

The failure to such an extent to comply with the law makes the deed fraudulent on its face, and it is so held. Judgment reversed and judgment here, the cause having been tried without a jury. The cause is remanded, etc.